UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
|     MINH QUANG CHAU | ) | Case No. 06-10270-SSM |
| | ) | Chapter 7 |
|                 Debtor | ) | |
| | ) | |
| CHASE BANK USA, N.A. | ) | |
| | ) | |
|                 Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 06-1128 |
| | ) | |
| MINH QUANG CHAU | ) | |
| | ) | |
|                 Defendant | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of the plaintiff, Chase Bank USA, N.A. ("Chase") to compel discovery and for imposition of sanctions, including the striking of the defendant's answer, in the event the discovery was not provided. This is an action to determine the dischargeability of $16,677.94 in cash advances taken by the debtor, Minh Quang Chau, on a credit card within 70 days prior to the filing of his bankruptcy petition. For the reasons stated, the motion to strike the debtor's answer will be granted.

<u>Background</u>

Mr. Chau filed a petition for relief under chapter 7 of the Bankruptcy Code in this court on March 27, 2006, and received a discharge of his dischargeable debts on July 3, 2006. The present adversary proceeding was commenced by Chase on June 16, 2006, to

1

obtain a determination that $16,677.94 of its $19,145.79 claim against Mr. Chau was nondischargeable under § 523(a)(2), Bankruptcy Code, which excludes from discharge debts for "money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud[.]" Mr. Chau filed an answer admitting the debt, but denying an intent to defraud and affirmatively stating that he had a good faith but mistaken belief that gambling proceeds would enable him to repay the debt.

Chase served interrogatories, requests for admissions, and requests for production of documents on Mr. Chau on September 25, 2006. When no responses were received, Chase filed a motion to compel discovery on November 3, 2006. The motion asked that Mr. Chau be required to provide responses within ten days of the hearing on the motion and that his answer be stricken if he failed to do so. Prior to the hearing on December 5, 2006, the debtor responded to the interrogatories and requests for admissions but did not respond to the request for documents. At the hearing, the court ordered the documents to be provided by December 15th; set a status conference for January 9, 2007, to review the debtor's compliance and for filing of trial exhibits; and set the trial for February 9, 2007.

The specific documents that Mr. Chau was ordered to produce are as follows:

> 1. All documents upon which the witnesses identified in the responses to interrogatories "intend to rely to lay a foundation for, establish, or prove evidence at trial."
>
> 2. All documents Mr. Chau intends to offer as exhibits at the time of trial and any documents, not privileged, that he may refer to in order to refresh his recollection in advance of or during trial.

>    3.  Copies of all monthly statements for the past two years for any and all (credit card) accounts identified in the answers to interrogatories.
>
>    4.  All bank statements and check registers for the 12 months prior to the order for relief which are related to any accounts held by Mr. Chau "or the marital community."
>
>    5.  Copies of the two most recent federal income tax returns filed for both Mr. Chau and his spouse.

It is undisputed that <u>none</u> of the requested documents have been provided, and Chase has renewed its request that Mr. Chau's answer be stricken.

## Discussion

Under Rule 37(b), Federal Rules of Civil Procedure, as incorporated by Federal Rule of Bankruptcy Procedure 7037, when a party fails to comply with an order to provide or permit discovery, the court "may make such orders in regard to the failure as are just," including the following:

>    (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
>    (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
>    (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
>
>    (D) In lieu of any of the foregoing orders or in addition thereto, and order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination[.]

Fed.R.Civ.P. 37(b)(2)(A) – (D).  In lieu of or in addition to the listed sanctions, the court may require the disobedient party to pay the reasonable expenses, including attorney's fees, caused by the failure.[1]  An order striking the debtor's answer would leave him in default and as a practical matter would be the same as rendering a default judgment or summary judgment against him.  The Fourth Circuit has held that before a federal court can enter summary judgment as a sanction for discovery abuse, the court must consider (1) whether the non-complying party acted in bad faith, (2) the extent of prejudice to the non-complying party's opponent, (3) the need for deterrence, and (4) the effectiveness of less drastic sanctions.  *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503-04 (4th Cir. 1977).

There is no evidence before the court of any efforts by Mr. Chau to comply with the discovery order or of any external circumstances that prevented him from doing so.  In the absence of such evidence, the court can only conclude that, at the very least, Mr. Chau was grossly indifferent to his obligations under the order.

To what extent Chase has been prejudiced by the failure is a more difficult question.  First and most importantly, Chase has the benefit of a statutory presumption of fraud with respect to the cash advances at issue.  § 523(a)(2)(C), Bankruptcy Code.  That presumption, however, is rebuttable, and only shifts the burden of going forward, not the ultimate burden of proof.  4 Collier on Bankruptcy ¶ 523.08[5] (15th ed. rev. 2006).  Thus, even with the benefit of the presumption, Chase would have the burden of overcoming any testimony by the debtor that he honestly believed that his luck at the gaming tables would enable him to

---

[1] More precisely, the court is required to ("shall") make such an award "unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2).

repay the cash advances he took to finance his gambling. Clearly, the debtor's past record of wins or losses at gambling, such as might be reflected on his tax return, would be relevant, as would bank statements showing how much money he received and spent in the period leading up to the cash advances. Although mere financial inability to repay a debt at the time it is contracted is not sufficient to make a debt nondischargeable on the ground of fraud, it is circumstantial evidence as to whether the debtor intended to repay. *Id.* at ¶ 523.08[6]. Put another way, the more objectively hopeless Mr. Chau's financial situation was at the time the cash advances were taken, the less likely he could have honestly believed he would be able to repay them, and thus the less likely that he intended to repay them. At the status hearing on the motion to compel, Mr. Chau's attorney stated that his client would not be offering any documents in evidence at trial. Thus, as to the first two categories of document requests, it would be difficult to find that Chase has been greatly prejudiced.

With respect to the three remaining categories (credit card statements, bank account statements, and tax returns), however, the failure to provide the requested documents deprives Chase of the very type of objective evidence that might be useful to test or rebut testimony by the debtor that he honestly believed, at the time he took the cash advances, that he would be able to repay them. It is true that the prejudice is ameliorated to some extent by the debtor's admissions that, at the time the charges were incurred, he did not have, and knew he did not have, the financial ability on his income to pay them as well as the current payments on his other unsecured debts and living expenses. Requests for Admission No. 11

5

and 12. Still, the amount and timing of the credit card charges,[2] as well as the extent of any history of gambling winnings that might be reflected in his bank statements or tax returns, would be highly significant in determining whether to credit any assertion by the debtor that he believed he could pay Chase from gambling winnings. For that reason, the court concludes that the prejudice to Chase from the failure to comply with document requests No. 3, 4, and 5 is significant.

There remains the question of whether sanctions less drastic than the striking of Mr. Chau's answer would be effective. The court concludes they would not. The scheduled trial is only a month off. Trial exhibits were required to be filed not later than January 9th. If the only issue were some slight delay in providing the documents, the court could allow Chase to supplement its trial exhibits after reviewing the documents. Mr. Chau, however, has provided no assurance that the documents will <u>ever</u> be forthcoming, let alone in sufficient time to permit effective use of them by Chase at the trial. Nor is this a situation in which an order preventing *the debtor* from using the documents would be effective. The debtor has stated that he does not intend to offer any exhibits. The issue is therefore not one of protecting Chase from surprise, but rather of giving Chase access to documents that are relevant to, and could potentially rebut, the debtor's assertion that he subjectively believed he could repay Chase from gambling winnings.

---

[2] In his answers to interrogatories, Mr. Chau identified seven different credit card accounts. Without the actual account statements, however, it would not be apparent, for example, whether cash advances on one or more accounts were used to make payments on other accounts.

O R D E R

For the foregoing reasons, it is

**ORDERED:**

1. The defendant's answer is stricken as a sanction for failure to comply with this court's order of December 8, 2006, compelling discovery.

2. A further hearing shall be held on **January 23, 2007, at 9:30 a.m.** to determine the amount of the judgment, including reasonable attorney's fees, to be entered against the defendant. Counsel for the plaintiff shall file an affidavit setting forth her fee arrangement with the plaintiff and showing the attorney's fees incurred in the prosecution of this action (including the motion to compel discovery), and serve a copy on the defendant, not later than **January 18, 2007**.

3. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____       _____
                                  Stephen S. Mitchell
Alexandria, Virginia              United States Bankruptcy Judge


Copies to:

Lisa Marie Shank, Esquire
Weinstein & Riley, P.S.
2101 Fourth Ave. Suite 900
Seattle, WA 98121-2339
Counsel for the plaintiff

Christopher B. Shedlick, Esquire
C. Boughton Shedlick, PLLC
6408R Seven Corners Place
Falls Church, VA 22044
Counsel for the defendant